SAVOY, Judge.
From a judgment rendered in the trial court decreeing the partition by licitation of some twenty-two acres, more or less, in Evangeline Parish, the defendant, Joyce Marie Belfour Corley has perfected this appeal contending that the trial court erred in not ordering the property partitioned in kind. Plaintiff has answered the appeal contending the judgment of the trial court was eminently correct in ordering the partition of the property owned in common between himself and his daughter to be by licitation.
The record reveals that the property in question is approximately square measuring some 980 feet fronting on a gravel road and some 968 feet in depth. The property is situated approximately eight miles from Ville Platte and is bounded on one side by a canal and on the other side by another gravel road. Situated on the property are a barn, a garage, a small house measuring 14.5 feet by 22 feet and a somewhat larger frame house measuring 27 feet by 27 feet. The improvements are not situated equally on both sides of the property, the northerly portion containing almost all of them.
Mr. Hasker Garland testified on behalf of plaintiff, being an appraiser for the Security Savings and Loan and also for the American Security Bank. He stated that the back portion of the land was used for pasture in the past and that the land more directly behind the houses was used for farm land in the past. He testified there were a few fruit trees around the houses, and that he thought the south side of the property would be less valuable because of the presence of a knoll. He was of the opinion that if the property was split into two sections the value as a whole would be lowered by some $2,000.00.
Mr. William H. Jarrell, Jr., a civil engineer, testified that he examined the property at the request of defendant and prepared two plats of the property. He concluded by saying that the property as a whole appeared to be high and dry, and that if an imaginary line was drawn separating the property into two equal portions, the northerly portion would contain almost all of the improvements with the 14.5’ x 22' frame house being centered on the imaginary line.
Plaintiff testified that all of the land was good land, that the two houses were wooden frame houses on pillars, and that he was no longer residing on the property, having moved into Ville Platte to reside. Defendant testified she would be willing to accept any portion of the property allocated to her if an in-kind partition was made, and also that she would move the small house onto the portion granted her in the decree.
Our law is well settled that partitions are to be made in kind unless the property is indivisible by nature or cannot be conveniently divided. LSA-C.C.P. Ar- *681 tide 4606. “It is said that a thing can not be conveniently divided, when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it.” LSA-C.C. Article 1340.
The trial judge held, and properly so, that the property could not be conveniently divided because of a diminution of its value by almost $2,000.00 if it was not sold as one parcel. This finding is supported by the only expert to testify in this matter, and we cannot say that the finding is manifestly erroneous.
For the reasons assigned the judgment appealed from is affirmed at appellant’s costs.
Affirmed.